UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)
Eastern Division

John Doe
          Plaintiff,

v.                                                       Case No.: 1:25-cv-09864
                                                          Honorable Andrea R. Wood

Allianz Global Assistance USA
                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, February 25, 2026:

       MINUTE entry before the Honorable Andrea R. Wood: Telephonic status hearing held on 2/25/2026. As stated on the record, Plaintiff's motion to remand [5] is denied. Specifically, Plaintiff asserts claims for breach of contract (Count I); bad faith under the Illinois Insurance Code, 215 ILCS 5/155 (Count II); consumer fraud under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (Count III); and equitable estoppel (Count IV). According to the complaint, he seeks $17,955.34 in compensatory damages and $60,000 in punitive damages. "Where punitive damages are required to satisfy the jurisdictional requirement in a diversity case, a two-part inquiry is necessary. The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." Anthony v. Security Pacific Fin. Servs., Inc., 75 F.3d 311, 315 (7th Cir.1996) (citing Cadek v. Great Lakes Dragaway, Inc., 58 F.3d 1209, 1211 (7th Cir. 1995)). The amount in controversy is based on the plaintiff's demands in full on "the day the suit was removed." Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006). In arguing that it is not possible for him to obtain $60,000 in punitive damages, Plaintiff correctly points out that 215 ILCS 5/155 limits punitive damages to sixty percent of claimed compensatory damages. But Plaintiff can also obtain punitive damages under the Illinois Consumer Fraud and Business Practices Act. And it is not legally impossible for Plaintiff to obtain $60,000 in punitive damages under that statute. See Keeling v. Esurance Ins. Co., 660 F.3d 273, 275 (7th Cir. 2011) ("Punitive damages are available under both the common law of fraud and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 to 505/12."); Dubey v. Pub. Storage, Inc., 918 N.E.2d 265, 280 (Ill. App. Ct. 2009) ("[I]t is undisputed that punitive damages are available for a violation of the Consumer Fraud Act."). Because a punitive damages award of $60,000 is not legally impossible where a plaintiff seeks $17,955 in compensatory damages, the amount-in-controversy requirement for diversity jurisdiction is satisfied. For this reason, Plaintiff's motion to remand is denied. Plaintiff's motion to reaffirm sealing order [8] is granted as follows. The parties are directed to meet and confer and file a motion for a protective order with a proposed order emailed to Judge Wood's proposed order inbox by 3/4/2026. Subject to the Court's review of the proposed order, Plaintiff will be permitted to proceed under the pseudonym, John Doe. Any public filings will refer to

the Plaintiff as John Doe in the caption and in the body. When it is necessary to refer to the Plaintiff by his true name or to refer to documents in the record that use the Plaintiff's true name, a redacted version of the filing should be filed on the docket, and the party shall seek leave to file an unredacted version under seal. Additionally, Plaintiff is granted leave to file an updated pro se appearance form under seal that provides a different email address for inclusion on the public docket. The case is referred to the magistrate judge for discovery supervision and settlement conference. Telephonic status hearing reset for 5/27/2026 at 9:15 AM. The call–in number is (650) 479–3207 and the access code is 1808131170. To ensure public access to court proceedings, members of the public and media may call in to listen to telephonic hearings. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court–issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (lma, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.